# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) GENIE R. McGARVEY and (2) R. KEVIN McGARVEY, Administrators of the Estate of Murray P.  McGARVEY, deceased,<br><br>    Plaintiffs,<br><br>vs.<br><br>(3) JOHN F. SPECIAL; (4) SPECIAL EXPLORATION CO., an Oklahoma for Profit Corporation; and (5) CHEROKEE YACHT CLUB, INC., an Oklahoma for Profit Corporation,<br><br>    Defendants.<br><br>AND<br><br>(6) JOHN F. SPECIAL; (7) SPECIAL EXPLORATION CO.; and  (8) CHEROKEE YACHT CLUB, INC.,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>(9) JASON BANDY; (10) JUSTIN DOOLIN; and (11) BIG SHOTS RHYTHM AND BOOZE, L.L.C.,<br><br>    Third-Party Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Case No. 06-CV-576 TCK/SAJ<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## OPINION AND ORDER

Comes on for hearing Defendant John F. Special's Motion to Stay Or, In The Alternative, For a Protective Order [Dkt.#40], and Third Party Defendant Bandy's oral Motion for Protective Order [Dkt.# 65], made at hearing, seeking an order prohibiting the taking of Defendant Bandy's ("Bandy") deposition until the conclusion of the criminal

proceedings against Bandy. The Court, having considered the pleadings, arguments and authorities, finds as follows:

Defendant Special ("Special") urges all discovery should be stayed pending resolution of his criminal trial, currently set for February, 2007. Special asserts the factors this Court considered in denying a stay in its previous order in *In re CFS-Related Securities Fraud Litigation*, 256 F. Supp. 2d 1227 (N.D. Okla. 2003), mitigate toward a complete stay in this case. Special asserts there is a complete identity of issues between the case at bar and the criminal trial; there are no other lawsuits and/or parties to be impacted by a stay; the stay would be entered for a short period of time; initial disclosures have not yet been received from the third party participants and written discovery has not been completed as between the parties, which may require already noticed depositions to be retaken, creating inefficiency in the discovery process and also increasing the cost of trial preparation; allowing discovery in this case would run afoul of the prohibition against taking depositions in a criminal proceeding in that allowing the witnesses who will be testifying in the criminal case to be deposed in the civil case circumvents the criminal rules and usurps the authority of the state district judge overseeing the criminal trial; and, a stay would not prejudice Plaintiffs, particularly where there are no children or other dependants who might rely upon the recovery of economic damages resulting from a civil trial. In briefing, Special placed particular emphasis upon the potential for violation of his Fifth Amendment rights, a point not stressed in oral argument.

Plaintiffs' counsel urged his clients are prejudiced in that their motivation for bringing the action is to find out what happened to their son and brother; that memories fade; depositions which have been noticed were postponed in order to allow this Court to rule on

the motion; that a prohibition of all discovery would be too broad; and, that Special waived his Fifth Amendment rights when he sought affirmative relief in this action against the third parties.

The Assistant District Attorney from Delaware County, Jack Thorp, where the criminal actions are pending, attended the hearing but did not enter an appearance. Upon inquiry by the Court, he stated his appearance was based upon his understanding that Special was requesting that discovery be placed under seal.  He advised the Court that the criminal proceedings were expected to proceed as scheduled barring unforeseeable problems with DNA and other testing.

The Court also heard argument from counsel for other parties present on whose behalf no pleadings had been filed. Counsel for Bandy opposed the request to stop all discovery and made oral motion to provide the same relief to Bandy that the Court applied to Special. Counsel for Cherokee Yacht Club stated no opposition to the Motion to Stay, but referenced the possibility that depositions could be impacted by initial disclosures, which have not yet been provided.   Counsel for Big Shots Rhythm and Booze, L.L.C., stated he could not attend the noticed depositions but had arranged to receive transcripts should they go forward.

The Court concludes the appropriate relief is to stay all proceedings as to Special until the conclusion of his criminal trial through March 2, 2007, but allow all other discovery to move forward.  The Court finds no prejudice in proceeding in this fashion but admonished Plaintiffs' counsel that should second depositions be required of witnesses deposed during this time, they may give rise to cost sharing.

The Court further finds the stay shall be granted as to Bandy until August 9, 2007,

by which date his criminal trial should be concluded. Should any party present a compelling reason to lift the stay as to Bandy prior to his trial, an application should be filed with the Court.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the Defendant John F. Special's Motion to Stay Or, In The Alternative, For a Protective Order [Dkt.#40], is granted in part and denied in part as set forth herein and Third Party Defendant Bandy's oral Motion for Protective Order [Dkt.# 65] is granted as set forth herein. Scheduling Order will be entered separately.

DATED THIS 25th DAY OF JANUARY, 2007.

Sam A. Joyner
United States Magistrate Judge