## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| GENIE R. McGARVEY and<br>KEVIN McGARVEY, Administrators<br>of the Estate of Murray P. McGarvey,<br>deceased, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.   06-CV-576 TCK-SAJ |
| JOHN F. SPECIAL; SPECIAL<br>EXPLORATION CO., INC., an<br>Oklahoma for Profit Corporation, | ) ) ) ) | |
| Defendants. | ) ) | |
| AND | ) ) | |
| JOHN F. SPECIAL;  SPECIAL<br>EXPLORATION CO., INC., | ) ) ) | |
| Third-Party Plaintiff, | ) ) | |
| vs. | ) ) | |
| JASON BANDY;  JUSTIN          DOOLIN; | ) ) | |
| Third-Party Defendants. | ) | |

### PLAINTIFFS' MOTION IN LIMINE
### TO EXCLUDE EVIDENCE PURSUANT TO THE OKLAHOMA CONSTITUTION
### AND FEDERAL RULE OF EVIDENCE 403 AND BRIEF IN SUPPORT

**COME NOW** the Plaintiffs, Genie R. McGarvey and Kevin McGarvey, by and through their attorneys of record, Walter D. Haskins and Andrew C. Jayne, of the law firm of Atkinson, Haskins, Nellis, Brittingham, Gladd and Carwile, and pursuant to Article 2, § 30 of the Oklahoma Constitution and Fed. R. Evid. 403, hereby request an order of this Court excluding from trial any and all evidence of, or reference to, blood samples illegally taken from Jason Bandy and/or the results of any blood-

alcohol tests from blood illegally taken from Jason Bandy by law enforcement officers employed by the Grand River Dam Authority Lake Patrol, a governmental agency of the State of Oklahoma.

Plaintiffs join in the Motion in Limine of the Third Party Defendant, Jason Bandy, for the reason that exclusion of the evidence in question is required under Oklahoma's fundamental, substantive law, as embodied in the Oklahoma Constitution at Article 2 § 30, as interpreted and applied by the Oklahoma Supreme Court in Turner v. City of Lawton, 1986 OK 51, 733 P.2d 375. The Oklahoma Supreme Court has held the Oklahoma Constitution affords greater protection than the United States Constitution. In addition, the Oklahoma Supreme Court has held that the exclusionary rule, which requires the exclusion of evidence gathered in violation of Okla. Const. art. 2, § 30, **applies equally to both criminal and civil matters under Oklahoma law**.

In addition, the probative value of evidence of Jason Bandy's blood-alcohol content is substantially outweighed by the danger of unfair prejudice, confusion of the issues and misleading the jury, due to the fact that Defendant, John F. Special, fled the scene of the fatality boating accident after his motorboat ran into the side of the boat in which Murray McGarvey was a passenger. Mr. Special was convicted and found guilty beyond a reasonable doubt of the crime of fleeing the scene of an accident or collision in Delaware County District, State of Oklahoma. (Judgment and Sentence, attached as Exhibit "1"). The evidence indicates that John Special was intoxicated and that Mr. Special fled the scene of the fatality accident for the purpose of concealing his level of intoxication at the time of the accident. In other words, rather than stay and try to save Murray McGarvey, an innocent passenger, he ran.

Defendants John Special and Special Exploration Co., Inc. seek to introduce and use evidence illegally taken from Jason Bandy, while, at the same time, profiting from John Special's illegal

conduct as a result of fleeing the scene of the accident. Thus, Defendants John Special and Special Exploration seek to use illegally obtained evidence against the Plaintiffs, while simultaneously profiting from Mr. Special's own criminal conduct in fleeing the scene of the accident while Murray McGarvey was lying in the water following the collision. Plaintiffs respectfully submit that it would be unfair and unfairly prejudicial to allow the admission of Jason Bandy's blood alcohol content under these circumstances. In addition, the admission of evidence of Jason Bandy's blood-alcohol content will mislead and confuse the jury, due to John Special's criminal actions which destroyed any opportunity to obtain blood-alcohol tests from Mr. Special. Therefore, any and all evidence of the Jason Bandy's blood-alcohol content, as well as the results of any blood-alcohol tests from blood illegally taken from Jason Bandy by law enforcement officers employed by the Grand River Dam Authority Lake Patrol, should be excluded from trial pursuant to Fed. R. Evid. 403.

A Brief in Support of this Motion follows below.

**WHEREFORE**, the Plaintiffs respectfully request an order of this Court excluding any and all evidence of, or reference to, blood samples illegally taken from Jason Bandy and the results of any blood-alcohol tests from blood illegally taken from Jason Bandy by law enforcement officers employed by the Grand River Dam Authority Lake Patrol, a governmental agency of the State of Oklahoma.

**BRIEF IN SUPPORT**

I.  **INTRODUCTION**

This case arises out of a fatal boating accident which occurred on July 30, 2006, on Grand Lake in Oklahoma, and which resulted in the death of Plaintiffs' decedent, Murray McGarvey, as well as severe personal injuries to Jason Bandy. At some point between 1:00 a.m. and 2:00 a.m. on July 30, 2006, Mr. McGarvey, along with Justin Doolin and Tracey Lagere, were passengers in a boat driven by Jason Bandy. Justin Doolin was the owner of the boat. At the same time, Defendant, John F. Special, was operating another boat owned by Defendant, Special Exploration Company, Inc. ("Special Exploration"). The boat operated by Mr. Special ran into the side of the boat operated by Jason Bandy, thereby killing Mr. McGarvey and injuring Mr. Bandy, as well as causing extensive property damage. Murray McGarvey was killed subsequent to the collision by propeller strikes to his body, perhaps from Mr. Special's boat as he fled the scene. (Medical Examiner's Report Exhibit "2"). Plaintiff, the Estate of Murray P. McGarvey, through its administrators, Genie R. McGarvey (decedent's mother) and R. Kevin McGarvey (decedent's twin brother) bring this wrongful death action against Defendants, John Special and Special Exploration, to recover for Murray McGarvey's wrongful death.

It is uncontroverted and beyond dispute, that John Special fled the scene of a fatality boating accident. After colliding with the boat in which Murray McGarvey was a passenger, and thereby knocking Murray into the water, John Special ran. Although John Special has testified he thought he had hit a piece of styrofoam, the dramatic pictorial evidence showing the extensive damage to the boat in which Murray McGarvey was a passenger completely belies Mr. Special's attempt to excuse his criminal conduct. (Photographs of Motor Boat Occupied by Murray McGarvey, attached as

Exhibit " 3"). The destruction caused to the boat in which Murray was a passenger simply cannot be squared with John Special's testimony that he believed he hit a piece of styrofoam. Instead, the damage to the boat in which Murray McGarvey was a passenger is much more consistent with the "explosion" testified to by Tracie Lagere, a passenger who was sitting beside Murray McGarvey at the time of the accident. Ms. Lagere testified as follows:

> Q. Describe for us, as best you can, what you heard or what you saw the moment the collision occurred.
>
> A. I heard what sounded like an explosion. It was very loud. I felt splatter on me. I felt things hitting my skin. It slammed – The impact slammed me up against the wall side of the boat and threw me on the floor.

(Deposition of Tracie Lagere, 76:10-17, attached as Exhibit "4"). The evidence proves the collision which led to Murray McGarvey's death was so significant that John Special could not have been in doubt of the fact he had collided with a twenty-seven foot boat, despite his claims of ignorance.

The evidence further reveals that John Special's motivation in fleeing the scene of the fatality boating accident was to conceal his intoxication. John Special drinks a very specific, top-shelf martini. Mr. Special drinks a "Grey Goose" martini "up" with no vermouth. (Deposition of Michael David Mahoney, 120:24-25, 121:1-19, 123:1-16, attached as Exhibit "5"). According to the Cherokee Yacht Club bartender, John Special had been drinking Grey Goose martinis "up" for about four years. (Exhibit "5", 123:14-16). The Cherokee Yacht Club receipt and testimony shows that Mr. Special had four of his "signature" drinks prior to the accident which killed Murray McGarvey. (Cherokee Yacht Club Receipt, attached as Exhibit "6"). According to the bartender's statement to the Oklahoma State Bureau of Investigation, John Special drank four Grey Goose Martinis and one Tecate beer on the night of the accident. (OSBI Interview of Michael Mahoney, attached as Exhibit

"7"). The bartender, Mike Mahoney, further testified that each Grey Goose martini would actually have two jiggers of vodka, one large jigger and one small jigger, for a total of two ounces of alcohol in each drink. (Exhibit "5", 133:3-11). Surveillance studies reveal that the drinks actually are much stronger. In fact, the bartender testified that John Special ordered and apparently chugged down a final Grey Goose martini just shortly before he left the Cherokee Yacht Club prior to the accident. (Exhibit "5", 165:25, 166:1-25, 167:1-25, 168:1-25, 169:1).

Defendants John Special and Special Exploration now seek to profit from John Special's criminal conduct by admitting into evidence blood alcohol samples which were unlawfully taken from Jason Bandy by the Grand River Dam Authority Lake Patrol. In addition to the fact that such evidence is inadmissible under the substantive law of the Oklahoma Constitution, the admission of such evidence in the absence of a blood alcohol test from John Special is unfairly prejudicial, misleading and confusing. John Special did not submit to a blood alcohol test because he illegally fled the scene of the accident and hid his involvement in the accident until it was too late to conduct a blood alcohol test. John Special's unlawful conduct in fleeing the scene of the accident is akin to spoilation of evidence, and Defendants John Special and Special Exploration should not be allowed to profit from John Special's wrongful conduct by pointing to Jason Bandy's blood-alcohol content under such circumstances. As it relates to Murray McGarvey, an innocent passenger, such evidence is highly prejudice and completely irrelevant. The fact that the evidence was improperly gathered in violation of Jason Bandy's rights under the Oklahoma Constitution provides yet another reason why the evidence should be excluded.

For these reasons, and the reasons that follow, Plaintiffs respectfully request an order of this Court granting their Motion in Limine to Exclude Evidence Pursuant to the Oklahoma Constitution

and Federal Rule 403 in its entirety.

## II. ARGUMENTS AND AUTHORITIES

### A. EVIDENCE OF JASON BANDY'S BLOOD ALCOHOL CONTENT IS INADMISSIBLE UNDER SUBSTANTIVE OKLAHOMA LAW

The outcome of this Court's determination of Jason Bandy's Motion in Limine, as well as the Plaintiffs' Motion in Limine, is governed by Oklahoma substantive law as set forth and explained by the Oklahoma Supreme Court in Turner v. City of Lawton, 1986 OK 51, 733 P.2d 375. In Turner, the Oklahoma Supreme Court addressed the issue of whether evidence obtained by a search which was held invalid in a criminal action could be admitted in a related civil proceeding. Id. The Oklahoma Supreme Court held that evidence seized in violation of an individual's rights under the Oklahoma Constitution may not be used in a related civil proceeding. Id. In reaching its decision, the Oklahoma Supreme Court provided an exhaustive comparison between the Fourth Amendment rights under the United States Constitution and the more extensive rights conferred under Article 2, § 30 of the Oklahoma Constitution.

The Oklahoma Supreme Court noted that Okla. Const. art. 2, § 30, contains "small, but significant differences" from the language found in the Fourth Amendment of the United States Constitution. Id. at 380. The Oklahoma Supreme Court concluded the Oklahoma Constitution provides greater rights than the United States Constitution. Id. at 380 ("The Oklahoma Constitutional provision is broader in scope than its federal counterpart"). Specifically, the Oklahoma Supreme Court held that the fundamental law of Oklahoma requires exclusion of evidence obtained in violation of Article 2, § 30 of the Oklahoma Constitution in civil cases as well as criminal cases. Id. at 380-81. The Oklahoma Supreme court held:

> The absolute security granted by the Okla. Const. art. 2, § 30 against unlawful search or seizure exists without reference to the guilt or innocence of the person whose property is searched, and without consideration of whether the proceeding is civil or criminal in nature.
>
> * * * *
>
> The Okla. Const. art. 2, § 30 constitutes a *bona fide, separate, adequate, and independent grounds upon which we rest our finding* that the illegal search prohibition pertains equally to civil and criminal proceedings.

Id. at 381 (emphasis in original).

Importantly, the Oklahoma Supreme Court reached the foregoing conclusion with full knowledge that federal courts interpreting the Fourth Amendment of the United States Constitution have held that exclusion of illegally seized evidence is not always required in civil cases under federal law. The Oklahoma Supreme Court noted, however, that it was the final interpreter of the Oklahoma Constitution, and that the United States Supreme Court had acknowledged the right of states to impose higher standards on searches and seizures than those imposed by federal law. Id. at 381. The Court in Turner explained as follows:

> The Constitution of the State of Oklahoma contains independent sources of rights and liberties, which may, under some circumstances, offer more protection than the federal constitution.
>
> * * * *
>
> This dual safeguard flows directly from the United States Supreme Court's explicit acknowledgment of the right of state courts, as the final interpreters of state law to impose higher standards on searches and seizures than those required by the federal constitution, even if the state constitutional provision is similar to the Fourth Amendment.

Id. at 378-79, 381. The Oklahoma Supreme Court stated that although "the federal courts have vacillated in applying the exclusionary rule," a consistent approach is required under the Oklahoma

Constitution. Id. at 380.

The Oklahoma Supreme Court explained "that the exclusion of evidence acquired by an unconstitutional search or seizure was ***not merely a rule of procedure, but rather a fundamental right under the Oklahoma Constitution***." Id. at 378. (emphasis added). Thus, in the Turner case, the Oklahoma Supreme Court established that exclusion of evidence obtained from an illegal search and seizure is fundamental substantive law in both civil and criminal cases guaranteed by the Oklahoma Constitution. The Oklahoma Supreme Court's holding that the exclusion of illegally seized evidence is itself a "fundamental right under the Oklahoma Constitution" is outcome determinative of Jason Bandy's Motion in Limine, which Plaintiffs herein join.

Applied to the facts of this case, the exclusionary rule as discussed in Turner requires the exclusion of all evidence of blood samples illegally taken from Jason Bandy, as well as all results of any blood-alcohol tests from blood illegally taken from Jason Bandy by law enforcement officers employed by the Grand River Dam Authority Lake Patrol. The Grand River Dam Authority is "a governmental agency of the State of Oklahoma, body politic and corporate, with powers of government . . . ." Okla. Stat. tit. 82 § 861.

It has been determined as a matter of law in the criminal action filed against Jason Bandy that evidence of Jason Bandy's blood alcohol content was taken in violation of Jason Bandy's rights under Okla. Const. art. 2, § 30, as well as the Fourth Amendment of the United States Constitution, and the evidence was suppressed. (Motion to Suppress, attached as Exhibit "8"); (Order, attached as Exhibit "9"). The opinion and result in Turner is directly on point. The illegal search and seizure was conducted by an Oklahoma governmental agency in Oklahoma. The evidence of Jason Bandy's blood-alcohol content was found to be inadmissible and excluded in an Oklahoma criminal

proceeding. (Exhibit "9"). All criminal charges against Bandy have been dismissed with no kind of guilt because of insufficient evidence (Motion and Order to Dismiss for Insufficient Evidence, attached as Exhibit "10"). This case is a civil proceeding governed by Oklahoma substantive law and is in federal court solely by reason of diversity jurisdiction. Because exclusion of evidence in violation of a person's rights under Okla. Const. art. 2, § 30 is a fundamental right under the Oklahoma Constitution, exclusion of the evidence is required in this diversity action governed by Oklahoma law.

In a diversity action such the case at bar, state substantive law must be respected. Blanke v. Alexander, 152 F.3d 1224, 1230 (10th Cir. 1998). "[I]t is well recognized that Congress did not intend the procedural rules to preempt the so-called 'substantive' state rules of evidence, . . . ." Id. The Oklahoma Supreme Court has held that exclusion of evidence obtained by an unconstitutional search and seizure is a fundamental right under the Oklahoma Constitution. Turner, 733 P.2d at 378. Clearly, the exclusionary rule announced by the Oklahoma Supreme Court, and which flows directly from the Oklahoma Constitution, is a "substantive" state rule which must be applied in this case. Therefore, any and all evidence of, or reference to, blood samples illegally taken from Jason Bandy, and the results of any blood-alcohol tests from blood illegally taken from Jason Bandy by law enforcement officers employed by the Grand River Dam Authority Lake Patrol, must be excluded from trial.

**B.  EVIDENCE OF JASON BANDY'S BLOOD ALCOHOL CONTENT IS INADMISSIBLE PURSUANT TO RULE 403**

It is well-settled that a trial court has broad discretion in ruling on evidentiary matters. Comocoa, Inc. v. NEC Telephones, Inc., 931 F.2d 655, 663 (10th Cir. 1991); Hill v. Basche Halsey

Stewart Shields, Inc., 790 F.2d 817, 825 (10th Cir. 1986). Under the Federal Rules of Evidence, even relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fed. R. Evid. 403. It is the trial court's prerogative to exercise its discretion of balancing the prejudicial effect of the evidence against its probative value. Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp., 579 F.2d 561 (10th Cir. 1978). A trial court has broad discretion in determining whether the prejudicial effect of the evidence outweighs its probative value. U.S. v. Poole, 929 F.2d 1476, 1482 (10th Cir. 1991). Indeed, the Tenth Circuit Court of Appeals has noted that a trial court has not only the discretion, but also the duty, to exclude evidence which is unfairly prejudicial. Security State Bank v. Baty, 439 F.2d 910, 913 (10th Cir. 1971).

John Special fled the scene of the fatality boating accident, leaving Murray McGarvey to die floating in the water. Justin Doolin, the owner of the boat Murray McGarvey was riding in, and a passenger in that boat at the time of the accident, has testified that Defendant John Special fled the scene of the accident almost immediately after the accident occurred. (Deposition of Justin Doolin, 72:18-25, 73:1-2, attached as Exhibit "11"). Mr. Doolin knew he had one passenger missing and another passenger injured, and thus could not chase Mr. Special's boat. (Exhibit "11", 74:17-25, 75:1-16). Another witness, Tracie Lagere, has testified as follows:

> Q. Can you state, unequivocally, that the other boat involved in the accident did not remain in the general area of the scene – I'm sorry – in the general area of the collision and search for 15 to 20 minutes with a spotlight affixed to that boat.
>
> MR. MONDL: Object to form.
>
> A. Yes. The boat left the scene. It was not there. They did not come back.

(Exhibit "4", 119:10-17). Yet another witness, Ken Chambers, who was not involved in the accident,

testified that after he saw the lights of two boats bobbling in the water as the collision occurred, he dropped off a friend at an nearby boat dock and returned to the accident scene approximately five minutes later. (Deposition of Kenneth Wayne Chambers, 70:17-25, 71:1-2, attached as Exhibit "12"). Neither Mr. Special nor his boat were ever seen by Mr. Chambers upon arriving at the scene of the accident. (Exhibit "12", 59:22-25, 61:17-21, 69:13-21, see also 103:6-25). John Special was found guilty beyond a reasonable doubt in Delaware County District Court of leaving the scene of an accident. (Exhibit "1").[1]

This Court should exercise its broad discretion and exclude any evidence of Jason Bandy's blood-alcohol content due to the danger of unfair prejudice, confusion of the issues and misleading the jury. Murray McGarvey was not driving either boat at the time of the accident and was a mere passenger in the motor boat which was being driven by Jason Bandy. He obviously was not comparatively negligent in causing the accident. Indeed, there is no evidence he was even aware as the collision occurred. And yet, Defendants John Special and Special Exploration seek to use evidence obtained illegally by the Grand River Dam Authority Lake Patrol from Jason Bandy against the Plaintiffs. Moreover, Defendants John Special and Special Exploration seek to take advantage of the fact that John Special fled the scene of the accident by contrasting the evidence illegally seized from Jason Bandy with the absence of such evidence from John Special, due to Mr. Special's criminal actions in fleeing the accident.

Under these circumstances, use of the evidence seized from Jason Bandy by the Grand River Dam Authority Lake Patrol is unfairly prejudicial within the meaning of Fed. R. Evid. 403 and should

---

[1] It is Plaintiffs' counsel's understanding that Mr. Special has filed an appeal of his criminal conviction for fleeing the scene of a fatality accident.

be excluded from the trial of this matter. A contrary ruling would reward John Special for his actions in fleeing the scene of the fatality boating accident. Moreover, the admission of evidence of Jason Bandy's blood alcohol content will confuse and mislead the jury, because it will allow John Special to point a finger at Jason Bandy while profiting from the fact that no such test exists for Mr. Special, due to Mr. Special's criminal flight from the accident scene. The introduction of such evidence against Murray McGarvey, an innocent party, is unfairly prejudicial in light of Mr. Special's conduct following the accident. Because John Special's actions following the accident destroyed forever the opportunity to obtain a blood-alcohol test from John Special, Defendants John Special and Special Exploration should be barred from using the blood-alcohol test involving Jason Bandy.

## III. CONCLUSION

**WHEREFORE**, premises considered, the Plaintiffs respectfully request an order of this Court granting Plaintiff's Motion in Limine to Exclude Evidence Pursuant to the Oklahoma Constitution and Federal Rule 403 in its entirety.

Respectfully submitted,

**ATKINSON, HASKINS, NELLIS, BRITTINGHAM, GLADD & CARWILE**
A PROFESSIONAL CORPORATION

<u>Walter D. Haskins, OBA #3964</u>
Walter D. Haskins, OBA #3964
Andrew C. Jayne, OBA #19493
1500 ParkCentre
525 South Main
Tulsa, Oklahoma 74103-4524
Telephone: (918) 582-8877
Facsimile: (918) 585-8096

And

Rufus D. Sams, III
Sharon H. Reeves
Jones, Cork & Miller, LLP
Fifth Floor Sun Trust Bank Building
435 Second Street
P.O. Box 6437
Macon, Georgia 31208
Attorneys for Plaintiff

# CERTIFICATE OF SERVICE

       I hereby certify that on the 5th day of February, 2009, I electronically transmitted the attached document to the Clerk of the Court using the ECF System for fling and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mr. John R. Woodard, III
Mr. Curtis J. Roberts
Attorneys at Law
525 S. Main, Suite 1000
Tulsa, Oklahoma 74103
and
Mr. James K. Mondl
Mr. Simon Tonkin
Mr. James Hacking, III
Attorneys at Law
701 Market Street, Suite 260
St. Louis, Missouri 63101
Attorneys for Defendants John F. Special and Special
Exploration Co., Inc.

Mr. James W. Connor, Jr.
Mr. Jason L. Glass
Attorneys at Law
525 S. Main, Suite 1250
Tulsa, Oklahoma 74103
Attorneys for Third-Party Defendants Bandy and Doolin

                                                     Walter D. Haskins, OBA #3964
                                                     Walter D. Haskins

G:\Files\338\2\mil-sam.wpd